# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIEGO GALLO CASTILLO,** *Petitioner,* | : | **CIVIL ACTION** |
| **v.** | : | **NO. 26-7801** |
| **J.L. JAMISON, in his official capacity as warden of the Federal Detention Center, Philadelphia, *et al.*,** *Respondents.* | : | |

## ORDER

**AND NOW**, this 3rd day of November 2026, upon consideration of Petitioner Diego Gallo Castillo's, ("Petitioner"), *petition for writ of habeas corpus*, (ECF 1), Respondent's, (the "Government"), answer in opposition, (ECF 4), and Petitioner's reply, (ECF 5-1), it is hereby **ORDERED** that, for the reasons set forth in the footnote, the petition for writ of *habeas corpus* is **DENIED**:[1]

---

[1] In his writ of *habeas corpus* petition, Petitioner Diego Ricardo Gallo Castillo indicates that he is a native of Ecuador who entered the United States on July 29, 2024, (ECF 1, at 2), without inspection, nor was he admitted or paroled, (*id.* at ¶ 19; *see also* ECF 4-3, at 2). Thereafter, Petitioner received from the Department of Homeland Security, ("DHS"), a Notice to Appear on July 7, 2026, for removal proceedings. (ECF 1 at 20, Ex. A). The Notice to Appear indicated that Petitioner had applied for admission to the United States at the Brownsville, Texas Port of Entry without possessing valid documentation. (*Id.*) Since receiving the Notice to Appear, Petitioner has applied for asylum, and his asylum application remains pending. (*Id.* at 22-25, Ex. B). Petitioner avers that he has complied with all required Immigration and Customs Enforcement, ("ICE"), check ins, (*id.* at 2-3), and has a valid authorization to work in the United States, (*id.* at 24, Ex. B).

Of note, Petitioner has been charged in state-court with simple assault, harassment, and reckless endangerment of another person which allegedly occurred on June 9, 2026. (ECF 4-2). On October 7, 2026, attended a preliminary hearing on his criminal charges in Bristol Township, Pennsylvania, and as he left the proceedings, he was apprehended by ICE officers, (*id.* at 2; ECF 4, at 4), and has since been detained at the Philadelphia Federal Detention Center. (ECF 1, at 27). In its answer to the petition, the Government represents that Petitioner refused to sign a request for a review of his custody determination by an immigration judge. (ECF 4, at 4; ECF 4-1, at 3, Ex. A).

In his counseled petition, Petitioner argues that his detention violates his due process rights under the Fifth Amendment of the United States Constitution, the Immigration and Nationality Act, ("INA"), and related regulations, as well as the Administrative Procedure Act, ("APA"). (ECF 1, at 9-16). Petitioner seeks his immediate release and for this Court to enter a judgment declaring that Petitioner's detention is unauthorized by statute and contrary to law and the United States Constitution. (*Id.* at 16). In its answer, the Government argues that Petitioner's detention is lawfully pursuant to 8 U.S.C. § 1226(a) and that the Government has followed the requirements of § 1226(a). (ECF 4, at 6-8). The Government further argues that Petitioner has failed to exhaust the administrative remedies required to challenge his detention under

§ 1226(a), specifically, he has failed *to* request a bond hearing and appeal the result, if necessary, to the Board of Immigration Appeals, ("BIA"). (*Id.*). The Government also argues that, in any event, it has the statutory and discretionary authority to make detention decisions pursuant to § 1226(a) during the pendency of removal proceedings. (*Id.* at 8-9). Finally, the Government argues that it has not violated Petitioner's due process rights because it made an individualized determination pursuant to its statutory and discretionary authority, that Petitioner was not lawfully present in the United States, and that Petitioner has the opportunity to contest his detention through administrative processes, (*id.* at 8, 10-15), but has failed to do so. The Government has not addressed Petitioner's APA claim.

A federal district court is authorized to grant a writ of *habeas corpus* under 28 U.S.C. § 2241 when the petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution and/or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(1), (3). Further, the Fifth Amendment of the United States Constitution entitles non-citizens to due process of law in deportation proceedings. *See Serrano-Alberto v. AG United States*, 859 F.3d 208, 211 (3d Cir. 2017) ("The Fifth Amendment protects the liberty of all persons within our borders, including [non-citizens] in immigration proceedings who are entitled to due process of law.").

Section 1226(a) provides that: "[o]n a warrant issued by the Attorney General, [a non-citizen] may be arrested and detained pending a decision on whether the [non-citizen] is to be removed from the United States." 8 U.S.C. § 1226(a). This section "establishes a discretionary detention framework." *Dos Reis v. McShane*, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026) (citing *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018)); *see also Regalado-Nauta v. Jamison*, 2026 WL 2740528, at *3 (E.D. Pa. Sept. 16, 2026) ("Detention under Section 1226(a) is discretionary."). Section "1226(a) permits discretionary release on bond pending removal proceedings so long as the noncitizen is not a danger or flight risk." *Buele Morocho*, 189 F.4th at 292 (citing 8 U.S.C. § 1226(a)(2); 8 C.F.R. § 1236.1(c)(8)). "The statute's implementing regulations" effectuate this intent by "establish[ing] a framework for initial custody determinations and subsequent review by an immigration judge and the [BIA]." *Regalado-Nauta*, 2026 WL 2740528, at *3 (citing 8 C.F.R. § 1236.1(c); 8 C.F.R. § 1236.1(d)(1)). This framework includes "a right to an individualized detention determination and a bond hearing." *Kashranov v. Jamison*, 2025 WL 3188399, at *5 (E.D. Pa. Nov. 14, 2025) (citing 8 C.F.R. § 1236.1(c)(8), (d)). "The initial custody determination requires an individualized determination as to whether the non-citizen is a danger to property or persons and is likely to appear for any future proceeding." *Regalado-Nauta*, 2026 WL 2740528, at *3 (citation modified) (quoting *Lopez Benitez v. Francis*, 795 F. Supp.3d 475, 492–93 (S.D.N.Y. Aug. 13, 2025)).

Here, the Government argues that Petitioner is lawfully detained pursuant to § 1226(a) because "ICE conducted an individualized review of Petitioner's case, including accurately determining that he was present in the United States without lawful status," referencing both the Notice of Custody Determination and ICE encounter notes associated with Petitioner's detainment. (ECF 4, at 10). In addition to Petitioner's status and the Government's argument, the Government has provided copies of Petitioner's ICE encounter notes, which notes that "[Petitioner] is currently in immigration proceedings but due to the [criminal] charges[, Petitioner] needs his custody redetermined." (ECF 4-3, at 2).

In contrast to other similarly detained non-citizens who filed similar *habeas* petitions, Petitioner is facing criminal charges in Pennsylvania state court. (*See* ECF 4-2). Petitioner disputes that the Government has "presented any indication that Petitioner's circumstances have changed such that he is now a danger or flight risk in a way that he was not when he entered the country in 2024." (ECF 1, at 15). This Court disagrees. As noted, the Government's answer offers support to the contrary — Petitioner has recently been charged with various serious and violent crimes; and in ICE's determination and documentation of ICE's encounter with Petitioner, his criminal charges were considered when ICE made its individualized determination regarding Petitioner's detention. Though there is a presumption of innocence until proven

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

guilty, under the totality of circumstances presented, this Court finds that Petitioner's detention does not violate § 1226(a) of the INA.

As to Petitioner's constitutional arguments, this Court finds that Petitioner's detention does not violate his due process rights. The Constitution's "Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). In the civil immigration detention context, due process requires procedures that are reasonably calculated to avoid erroneous deprivation of liberty. *See Mathews v. Eldridge*, 424 U.S. 319, 333–35 (1976); *Gayle v. Warden Monmouth Cnty. Corr. Inst.*, 12 F.4th 321, 331–32 (3d Cir. 2021) (applying *Mathews* to civil immigration detention context); *Regalado-Nauta*, 2026 WL 2740528, at *3. As such, courts applying *Mathews* weigh the following factors:

> [1], the private interest that will be affected by the official action; [2], the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and [3], the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews*, 424 U.S. at 335. Applying these *Mathew*s factors, the *Buele Morocho* Court concluded that "detention without bond of noncitizens who have lived in the United States for extended periods of time *with no criminal records* violates due process." 2026 WL 2546223, at *8–10 (emphasis added).

Here, applying the *Mathew*s factors, this Court is unable to reach the same conclusion as the *Buele Morocho* Court because Petitioner's circumstances substantially differ in that he has pending criminal charges for serious and violent offenses. Though Petitioner has an interest in remaining free from detention, regardless of the length of such detention, (*see Regalado-Nauta*, 2026 WL 2740528, at *4 (citing *Zadvydas*, 533 U.S. at 690); *Buele Morocho*, 2026 WL 2546223, at *9 (citations omitted) (recognizing that immigration detention implicates the constitutionally protected interest in avoiding physical restraint)), his situation changed when he was criminally charged in state court for serious and violent offenses. The record further shows that the Government offered Petitioner a custody redetermination or bond hearing, which Petitioner refused. His refusal was a lost opportunity for Petitioner to argue his detention and address the issue of his alleged danger to the community or his flight risk— factors which ICE appears to have considered when detaining Petitioner. *Cf. Miguel Hernandez Ojeda, v. Jamison, J.L., et al.*, 2026 WL 3074934, at *4 (E.D. Pa. Oct. 14, 2026) ("the risk of erroneous deprivation is high when ICE detains a person without identifying why *that* person presents a danger or flight risk"). Finally, the Government has a legitimate interest in preventing the release of allegedly dangerous non-citizens and those who fail or might fail to appear at future hearings. *See Buele Morocho*, 189 F.4th at 307 (citing *Zadvydas*, 533 U.S. at 690). As a result, the *Mathews* factors weigh in favor of Petitioner's detention.

Lastly, this Court need not reach the issue of administrative exhaustion and APA violations because this Court finds that Petitioner's detention is not unlawful and does not violate the INA or Petitioner's rights. However, the Government should grant any request of Petitioner for a bond or redetermination hearing if he requests one, so as to prevent any erroneous deprivation of his interest to remain free from detention. *See Buele Morocho*, 2026 WL 2546223, at *9. Accordingly, Petitioner's petition for *habeas* relief is denied.